# Exhibit 11

**Exhibit 11**

Lexis® Securities Mosaic®

Company: HALLIBURTON CO
Form Type: Form 10-Q
Subdocument: 10-Q (Base Filing)
Filing Date: 10/24/2014

Copyright © 2016 LexisNexis. All rights reserved.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**
**FORM 10-Q**

[X]  Quarterly Report Pursuant to Section 13 or 15(d) of the
Securities Exchange Act of 1934
**For the quarterly period ended September 30, 2014**

OR

[ ]  Transition Report Pursuant to Section 13 or 15(d)
of the Securities Exchange Act of 1934
For the transition period from _____ to _____

Commission File Number 001-03492

# HALLIBURTON COMPANY

(a Delaware corporation)
75-2677995

**3000 North Sam Houston Parkway East**
**Houston, Texas  77032**
**(Address of Principal Executive Offices)**

**Telephone Number – Area Code (281) 871-2699**

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

Yes   [X]     No   [ ]

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).

Yes   [X]     No   [ ]

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer," and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

|  |  |  |
|---|---|---|
| Large accelerated filer | [X]  Accelerated filer | [ ] |
| Non-accelerated filer | [ ]  Smaller reporting company | [ ] |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).

Yes   [ ]     No   [X]

As of October 17, 2014, 847,460,293 shares of Halliburton Company common stock, $2.50 par value per share, were outstanding.

**HALLIBURTON COMPANY**

Index

|  |  | Page No. |
|---|---|---|
| **PART I.** | **FINANCIAL INFORMATION** | 1 |
| Item 1. | Financial Statements | 1 |
|  | - Condensed Consolidated Statements of Operations | 1 |
|  | - Condensed Consolidated Statements of Comprehensive Income | 2 |
|  | - Condensed Consolidated Balance Sheets | 3 |
|  | - Condensed Consolidated Statements of Cash Flows | 4 |
|  | - Notes to Condensed Consolidated Financial Statements | 5 |
| Item 2. | Management's Discussion and Analysis of Financial Condition and Results of Operations | 16 |
| Item 3. | Quantitative and Qualitative Disclosures About Market Risk | 30 |
| Item 4. | Controls and Procedures | 31 |
| **PART II.** | **OTHER INFORMATION** | 32 |
| Item 1. | Legal Proceedings | 32 |
| Item 1(a). | Risk Factors | 32 |
| Item 2. | Unregistered Sales of Equity Securities and Use of Proceeds | 34 |
| Item 3. | Defaults Upon Senior Securities | 34 |
| Item 4. | Mine Safety Disclosures | 34 |
| Item 5. | Other Information | 34 |
| Item 6. | Exhibits | 35 |
| SIGNATURES |  | 36 |

**Item 6. Exhibits**

| | | |
|---|---|---|
| * | 10.1 | HESI Punitive Damages and Assigned Claims Settlement Agreement dated September 2, 2014, entered into between Halliburton Company and Halliburton Energy Services, Inc. and counsel for The Plaintiffs Steering Committee in MDL 2179 and the Deepwater Horizon Economic and Property Damages Settlement Class. |
| * | 12.1 | Statement Regarding the Computation of Ratio of Earnings to Fixed Charges. |
| * | 31.1 | Certification of Chief Executive Officer pursuant to Section 302 of the Sarbanes-Oxley Act of 2002. |
| * | 31.2 | Certification of Chief Financial Officer pursuant to Section 302 of the Sarbanes-Oxley Act of 2002. |
| ** | 32.1 | Certification of Chief Executive Officer pursuant to Section 906 of the Sarbanes-Oxley Act of 2002. |
| ** | 32.2 | Certification of Chief Financial Officer pursuant to Section 906 of the Sarbanes-Oxley Act of 2002. |
| * | 95 | Mine Safety Disclosures |
| * | 101.INS | XBRL Instance Document |
| * | 101.SCH | XBRL Taxonomy Extension Schema Document |
| * | 101.CAL | XBRL Taxonomy Extension Calculation Linkbase Document |
| * | 101.LAB | XBRL Taxonomy Extension Label Linkbase Document |
| * | 101.PRE | XBRL Taxonomy Extension Presentation Linkbase Document |
| * | 101.DEF | XBRL Taxonomy Extension Definition Linkbase Document |
| | * | Filed with this Form 10-Q |
| | ** | Furnished with this Form 10-Q |



35

Lexis® Securities Mosaic®

Company: HALLIBURTON CO

Form Type: Form 10-Q

Subdocument: EX-10.1. MACONDO LITIGATION SETTLEMENT AGREEMENT

Filing Date: 10/24/2014

Copyright © 2016 LexisNexis. All rights reserved.

Exhibit 10.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *******<br>**<br>*<br>* | MDL NO. 2179<br><br>SECTION J<br><br><br>HONORABLE CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

---

### HESI PUNITIVE DAMAGES AND ASSIGNED CLAIMS SETTLEMENT AGREEMENT

This Agreement, dated September 2, 2014, sets forth the terms and conditions agreed upon by the Parties for the settlement of this matter. The Parties intend for this Settlement Agreement to be deemed complete and fully enforceable as the final Settlement Agreement ("SA"). This SA is intended by the Parties to fully, finally, and forever settle and release the Released Claims against HESI, released subject to the terms and conditions herein. The Parties recognize additional documents will be required in order to implement the SA. The Parties agree to work in good faith to present to the Court all documents needed to implement the SA and agree that, in the absence of agreement by the Parties with respect to such documents, the Court shall resolve disputes between the Parties consistently with the terms of this SA.

1

## RECITALS

A.     Halliburton Energy Services, Inc. and Halliburton Company (further defined as "HESI" in Section 1) are corporations organized under the laws of Delaware; HESI is a provider of services and products to the energy industry.

B.     Plaintiffs who are within the definition of the New Class in Section 4, and the "DHEPDS Class," defined in Section 5, (collectively "Plaintiffs") have alleged and/or been assigned general maritime law claims alleged against HESI relating to the *Deepwater Horizon* Incident defined in Section 5, including negligence, gross negligence, willful misconduct, strict liability, negligence per se, nuisance, trespass, and other claims.

C.     Plaintiffs contend that they would prevail in litigation. HESI disputes and denies the Plaintiffs' claims, has raised various affirmative, legal and other defenses, and contends that it would prevail in litigation.

D.     After careful consideration, the DHEPDS Class, as a juridical entity, DHEPDS Class Counsel, and the PSC on behalf of members of the putative New Class have concluded that it is in the best interests of the DHEPDS Class and the members of the putative New Class to compromise and settle certain claims asserted against HESI and other Halliburton Released Parties, as defined in Section 5, in consideration of the terms and benefits of the SA. After arm's length negotiations with HESI and HESI's counsel, the DHEPDS Class, DHEPDS Class Counsel, and the PSC on behalf of the putative New Class, have considered, among other things: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the litigation and amount of discovery and testimony completed; (3) the potential for Plaintiffs or HESI prevailing on the merits; and (4) the range of possible recovery and certainty of damages; and have determined the SA is fair, reasonable, adequate