IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ADELOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HALLIBURTON COMPANY and HALLIBURTON ENERGY SERVICES, INC., <br><br> Defendants. | CV 16–119–M–DLC <br><br><br><br> ORDER |

**CORRECTED STIPULATED PROTECTIVE ORDER**

WHEREAS the Parties have stipulated that good cause exists for the entry of a Protective Order to govern confidential materials in accordance with Federal Rule of Civil Procedure 26(c) to protect against improper disclosure of confidential information produced or disclosed in this litigation; and

WHEREAS this proposed order is subject to and without waiver of any objection to jurisdiction or venue and shall not be used as evidence otherwise;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. **Definitions.** As used in this Protective Order, these terms have the

following meanings:

(a) "Designated Material" means information designated in accordance with Paragraphs 2 or 3;

(b) "Material" includes all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other responses to discovery requests provided in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any Party to this litigation or any third party;

(c) "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

(d) "Party" or "Parties" means one or more parties to this lawsuit or affiliated parties, as delineated here:

- Adelos, Inc.
- Halliburton Company
- Halliburton Energy Services, Inc.

(e) "Receiving party" means the Party that requests or receives the disclosure of Designated Material.

(f) "Producing party" means the Party that owns or otherwise controls the Designated Material requested by the Receiving party.

(g) "Competitive Decision-making" means participation in activities, association, and relationship with a Party that are such as to involve counsel's advice and participation in any or all of the Party's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

2. **"Confidential" Information or Items.** A Party or non-party may designate any material "CONFIDENTIAL" for protection under this Protective Order where that material includes (a) information relating to the development of products, including computer code and internal product specifications; (b) past, current, or future business or marketing plans; (c) financial information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object code, executable code, software files, or other related files; and (f) any other documents, information, or

material that relate to proprietary information that the Producing party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Producing party. The label "CONFIDENTIAL" must be placed on each page of such Designated Material.

3. **"Highly Confidential – Attorneys' Eyes Only" Information or Items**. A Party or non-party may designate any material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for protection under this Protective Order where that material includes highly-sensitive "Confidential" information the disclosure of which to competing business or technical staff could result in competitive harm to the Producing party, including without limitation affecting or relating to the producing Party's sales, future sales, pricing, intellectual property rights, product roadmap, customers and customer acquisition. The label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be placed on each page of such Designated Material.

4. **Use of Information.** All Designated Material shall be used solely for the purpose of this litigation only, including any appeal thereof, unless otherwise agreed to, in writing, by the Producing party, or directed by a court of competent jurisdiction.

5. **Access to Designated Material or Items.** Access to any material

designated "CONFIDENTIAL" shall be limited to:

(a) This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

(b) Outside counsel of record and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Designated Material;

(c) Court reporters retained to transcribe testimony in this litigation;

(d) Outside experts and consultants retained by at least one Party or their counsel for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the Party in this litigation, where such experts and consultants have signed and furnished to the Producing party the "Agreement to Be Bound by Protective Order" (Exhibit A), provided the obligations of Paragraph 9 have been met. Any expert or consultant designated under this Paragraph and Paragraph 9 are responsible for ensuring that their support, administrative and clerical staff comply with this Order;

(e) The Parties to this litigation;

(f) Jury consultants and other litigation vendors (which are located within the United States) retained by at least one Party for purposes of this

litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the Party in this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided the obligations of Paragraph 9 have been met;

(g) <u>Witnesses</u> of either party, either at deposition or at trial, if the witness is an author, addressee, or other person indicated as a recipient of a document containing the information, or witnesses of the Producing party of whom deposition or trial testimony is being taken, so long as (1) the witness is any of the following: (a) a present director, officer, employee or contractor of the Producing party; (b) an author, addressee, or other person indicated as a recipient of a document containing the information; (c) direct or indirect manager of the group from which the Designated Material originated; or (d) a Rule 30(b)(6) designee of the Producing party; (2) at the request of any Party, the portion of the transcript involving Designated Material shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (3) the witness shall not be allowed to retain a copy of the Designated Material;

(h) Up to two (2) in-house legal counsel for each Party with decision-

making authority with regard to this litigation, and their litigation support personnel, that do not engage in Competitive Decision-making for the Party, and that do not participate in patent procurement. Each such in-house legal counsel must sign and furnish to the Producing party the "Agreement to Be Bound by Protective Order" (Exhibit A), and the obligations of Paragraph 9 must be met before any Designated Material may be disclosed. Such in-house legal counsel and/or litigation support personnel may not participate in the development of products or intellectual property for the Party; and

(i) Any person for whom prior authorization is obtained from the Producing party or the Court.

Access to any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to individuals specified in Paragraphs 5(a), 5(b), 5(c), 5(d), 5(f), 5(g), 5(h), and 5(i).

6. **Third-Party Material.** Third parties producing material in the course of this litigation may also designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same protections and constraints as the Parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All material produced by such third parties shall be treated as

"Highly Confidential – Attorneys' Eyes Only" for a period of ten (10) days from the date of its production to any Party in this litigation, regardless of the designation of such material by the third party, so that the Parties have sufficient time to review the material to determine whether to assert that the material contains Confidential information of the Party.

7. **Effect of Designation.** The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not, however, be used against the Producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

8. **Handling of Designated Material.** Any person in possession of Designated Material shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such material to ensure that its confidential nature is maintained. Any printed copy of Designated Material must be stored in a locked location when not in use (i.e., in a locked office, locked filing cabinet, or similar secured location). Any electronic copy of Designated Material must be secured

with a password (i.e., stored on a computer or server with restricted access, or stored on password protected storage media). No person receiving Designated Material shall, directly or indirectly, transfer, disclose, or communicate in any way the material or the contents of the material to any person other than those specified in Paragraph 5, and only as specified in this Protective Order.

9. **"Agreement to Be Bound by Protective Order."** Each person appropriately designated in accordance with Paragraphs 5(d), 5(f), or 5(h) to receive Designated Material, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A). Counsel of record for any Party receiving Designated Material shall provide a copy of the executed "Agreement to Be Bound by Protective Order" to the counsel of record for all Parties at least ten (10) days before it first discloses such information to any such person. In addition to an executed "Agreement to Be Bound by Protective Order," Counsel of record for any Party intending to disclose Designated Material in accordance with Paragraphs 5(d), 5(f), or 5(h) shall also provide a reasonable description of the person to whom disclosure will be made. With regard to persons designated in accordance with Paragraphs 5(d) and 5(f), the person's most recent *curriculum vitae* is sufficient to provide a reasonable description. For individuals designated in accordance with Paragraph 5(h), the individual's name, job title, and a brief

description of that individual's job responsibilities is sufficient to provide a reasonable description. For individuals designated in accordance with Paragraph 5(d), a listing of all matters in which the expert or consultant has provided testimony in the past five years must also be submitted with the executed "Agreement to Be Bound by Protective Order."

(a) During the ten-day period after disclosure of an executed "Agreement to Be Bound by Protective Order" and a reasonable description of the person to whom disclosure will be made, the Producing party may raise appropriate objections to the disclosure of Designated Material to the identified individual, and the Receiving party shall comply with any such objections. Any objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) days constitutes approval. The Receiving party may not provide Designated Material to any persons disclosed in accordance with this Paragraph until the Producing party's objections are resolved.

(b) The Parties will meet and confer in good faith to resolve any objections to disclosure raised by the Producing party under Paragraph 9(a). If, after meeting and conferring, the Producing party and the Receiving party cannot resolve the dispute, the Producing party shall have ten (10) days to either set up a

conference with the presiding judge to resolve the dispute or to file a motion with the Court. The Producing party shall have the burden of establishing that any proposed disclosure is not appropriate. If the Producing party fails to either set up a telephone conference with the presiding judge or to file a motion with the Court within ten (10) days, the objection is deemed resolved and the Receiving party may disclose Designated Material to the identified individual. Notwithstanding the foregoing, the Receiving party may not disclose Designated Material to any individual pursuant to Paragraphs 5(d), 5(f), or 5(h) until and unless the Parties formally agree in writing to the contrary, the Producing party fails to object during the initial ten-day period as described above, the Producing party fails to bring a dispute to the Court's attention as described above, or a contrary determination is made by the Court.

10. **Use of Designated Material at Deposition.** All depositions or portions of depositions taken in this litigation that contain Designated Material may be designated and thereby obtain the appropriate protections accorded other Designated Material or items. Confidentiality designations for depositions shall be made either on the record or by written notice to all other Parties within thirty (30) days of receipt of the transcript. Unless otherwise agreed in writing, depositions shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" information during the thirty (30) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that involves Designated Material shall be taken only in the presence of persons who are qualified to have access to such information.

11. **Inadvertent Failure to Properly Designate Documents; Inadvertent Production of Privileged or Work Product Documents.**

(a) Any Party that inadvertently fails to identify material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have at least ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any Party receiving such inadvertently unmarked material shall make reasonable efforts to retrieve and destroy material distributed to persons not entitled to receive material with the corrected designation. Such inadvertently unmarked documents or information, including all copies thereof, shall be returned to the Producing party or deleted and/or destroyed upon request.

(b) The inadvertent disclosure of documents or information otherwise subject to the attorney/client privilege, work product immunity or any other appropriate privilege shall not, in and of itself, constitute a waiver of, nor a

prejudice to, any claim that such or related material is privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing party notifies the Receiving party in writing within fourteen (14) days after discovery of such improper classification. If the Receiving party does not dispute the Producing party's claim of privilege, such documents or information, including all copies thereof, shall be returned to the Producing party or deleted and/or destroyed upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them prior to the request that they be returned and/or destroyed other than those reasonably responsible for their return and/or destruction. If the Receiving party challenges the Producing party's claim of privilege on any grounds other than the mere inadvertent disclosure, the Receiving party shall immediately segregate such documents and retrieve any copies of such documents that may have been previously provided to any other person or entity. The parties shall submit the matter to the Court for resolution of the disputed privilege claim using the joint letter brief procedure set forth in Paragraph 13 of this Stipulated Protective Order, and any disputed documents should be submitted to the Court for *in camera* review, and while any dispute under this paragraph is pending resolution, the

Receiving party may not otherwise make any use of any disputed document or information.

12. **Filing Designated Material with the Court.** If a Party files a document containing, or referencing in detail, Designated Material with the Court, all such documents shall be filed electronically under seal as provided for in the Local Rules of the Court and shall be marked with the following notation:

**FILED UNDER SEAL CONTAINS**
**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**FILED UNDER SEAL CONTAINS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

The filing Party shall serve the sealed document, independently of the CM/ECF system, upon all Parties of record by electronic mail.

13. **Challenges to Designation.** At any time after the delivery of any Designated Material, counsel for the Receiving party may challenge the designation of all or any portion thereof by providing written notice to counsel for the Producing party. The Parties will meet and confer in good faith to resolve any challenges to Designated Material. If, after meeting and conferring, the Producing party and the Receiving party cannot resolve the dispute, the Parties shall jointly submit a letter brief to the Court seeking resolution of the dispute. The joint letter

brief shall be submitted within ten (10) days of the Parties' meet and confer. The letter brief may include an introductory statement, the content of which shall be agreed to by both the Receiving party and the Producing party. Each Party shall limit its portion of the letter brief to no more than two (2) pages of single spaced, 12-point, Times New Roman text (exclusive of any joint introductory statement). If the Producing party fails to supply the Receiving party with its portion of the joint letter brief within ten (10) days of the Parties' meet and confer, the Receiving party may file the letter brief with the Court without the Producing party's submission. Notwithstanding the foregoing, all Designated Material is entitled to the protections provided in this Protective Order until and unless the Parties formally agree in writing to the contrary, or a contrary determination is made by the Court.

14. **Use of Independently Obtained, Unrestricted, Public, or Produced Information.** This Protective Order shall not impose any restrictions on (a) the use or disclosure by a Party of information or material properly obtained by the Party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a Party from disclosing its own confidential information as it deems appropriate. This Protective Order also shall not apply to information that (a) was properly known to the Receiving party before

it was disclosed in this litigation, (b) is or became public knowledge through no breach of the provisions of this Protective Order, (c) is independently developed by the Receiving party without access to the Designated Material, or (d) is disclosed to the Receiving party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Receiving party and is not otherwise required to maintain such information as confidential.

15. **Return or Destruction of Designated Material Upon Termination of Litigation.** Upon the termination of this litigation, including any appeals, all Designated Material, including all copies or summaries of such material, shall be returned to the Producing party or destroyed within 60 days of receipt of a written request for such return or destruction of such material. Each Party's outside counsel, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the Parties. Any Designated Material included in the archival copy shall remain subject to the provisions of this Protective Order. All Parties shall certify compliance with this Paragraph in writing within 60 days of receipt of the written request for the return or destruction

of the Designated Material.

16. **Modification of the Protective Order.** Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

17. **No Waiver of Claim or Defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to the discoverability or the admissibility of evidence.

18. **Injunctive Relief.** If any person violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this litigation.

19. **Subpoena or Court Order.** If a Receiving party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated by a Producing party in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," then no more than ten (10) days after receiving the subpoena or order, the Receiving party must: (1) notify the Producing party, in writing (by fax or email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the material covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing party an opportunity to seek protection for its Designated Material in the court from which the subpoena or order issued. The Producing party shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a Receiving party to disobey a lawful directive from another court.

20. **Survival of Protective Order.** The obligations imposed by this Protective Order shall survive the termination of this litigation.

Dated this 18th day of April, 2017.

*Dana L. Christensen* (signature)
Dana L. Christensen, Chief Judge
United States District Court