

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ADELOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HALLIBURTON ENERGY SERVICES, INC, <br><br> Defendant. | CV 16–119–M–DLC <br><br> ORDER |

Before the Court is Defendant Halliburton Energy Services, Inc.'s ("Halliburton") Partial Motion to Dismiss Adelos, Inc.'s ("Adelos") conversion claim in its First Amended Complaint. The Court held a hearing on the motion on December 5, 2017. For the reasons explained below, the Court denies the motion.

## BACKGROUND

Because the parties are familiar with the general facts of this case, the Court will not restate them here. (*See* Doc. 60 at 1–4.)

Adelos filed its First Amended Complaint (Doc. 68) on July 28, 2017. Halliburton now brings this Motion for Partial Dismissal of Adelos's Amended Complaint under Fed. R. Civ. P. 12(b)(6), seeking to dismiss Adelos's amended conversion claim for failure to state a claim upon which relief can be granted.

-1-

(Doc. 69.)

## LEGAL STANDARD

Under Rule 12(b)(6), the Court is generally limited to the allegations of the complaint, "which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Nonetheless, the plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (citation omitted). These facts need not be overly specific, but they must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curium) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The *Twombly/Iqbal* plausibility standard is not "akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully . . . ." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## DISCUSSION

As an initial matter, Adelos claims that Halliburton waived all arguments presented in its motion to dismiss because they were omitted from its first motion to dismiss. (Doc. 71 at 10.) Under Federal Rule of Civil Procedure 12(g)(2), Adelos argues that a when a party makes a motion under Rule 12, it must not make

another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. (*Id.*) Halliburton counters that Adelos's new conversion claim relates to alleged information that falls outside of Adelos's patents and patent applications. Thus, it is a new theory of liability and Halliburton could not have raised these defenses under the original conversion claims and first motion to dismiss. The Court agrees. In the Court's July 7, 2017 Order, it invited Adelos to file an Amended Complaint in order to cure the deficiencies related to the conversion claim. The Court found that federal law preempts state law claims related to patents and patent infringement. (Doc. 67 at 6 ("If Adelos chooses to amend its Complaint, its claim may survive the pleadings phase to the degree that it plausibly alleges [Halliburton's] misappropriation of technical information other than that disclosed in the patents and patent applications.").) Therefore, the Court anticipated a new conversion claim related to Adelos's business proprietary information. This is an entirely new claim. Therefore, Halliburton did not waive any defenses under Rule 12(g)(2).

Regarding the merits of the amended conversion claim, Halliburton presents four arguments in favor of dismissal. First, it contends that the claim fails as a matter of law because Adelos has not and cannot allege a recognized property interest in the information allegedly converted. Second, it claims that Adelos did

not sufficiently plead "specific technical information." Third, it argues that the Montana Uniform Trade Secrets Act ("MUTSA") preempts common law causes of action that are premised on the alleged misappropriation of "technical information." Finally, it claims that Adelos did not plead a contractual relationship and that Adelos volunteered the alleged "technical information" to Halliburton.

As a preliminary matter, the Court notes that the amended conversion claim may be subject to MUTSA preemption. *NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-CV-05058-LHKHRL, 2015 WL 400251, at *16 (N.D. Cal. Jan. 29, 2015) (finding that "although [plaintiff's] allegations are decidedly vague, they may still be subject to [California Uniform Trade Secret Act] preemption"). However, at this stage of the proceeding it is unclear what information is contained in the documents listed in paragraph 81 of the Amended Complaint. It may very well be trade secrets.[1] But without the benefit of discovery in this case, the Court is unable to conclude that the conversion claim is preempted in whole or in part by MUTSA. Thus, the Court is left to determine whether Adelos has sufficiently pled a common law claim for conversion under Montana law.

---

[1] At the hearing on the motion to dismiss, Adelos conceded that it may have a trade secret claim against Halliburton, but would need to conduct further discovery in order to have sufficient information to plead such a claim.

Halliburton claims that Adelos failed to plead any property right that is subject to conversion under Montana law. Halliburton contends that Adelos must allege a legal basis for the property right, and cannot state a mere conclusory recitation of the elements of conversion to satisfy the pleading standard at the motion to dismiss stage. (Doc. 70 at 6–8.) Adelos claims that it accurately set forth the elements of a conversion claim under Montana law in its Amended Complaint, and named specific documents in which the information Halliburton allegedly converted is merged.

"A plaintiff alleging a claim of conversion must establish the following four elements: (1) property ownership by the plaintiff; (2) plaintiff's right of possession of the property; (3) defendant's unauthorized control over the property; and (4) damages." *Feller v. First Interstate Bancsystem, Inc.*, 299 P.3d 338, 343 (Mont. 2013). "Conversion is 'a distinct act of dominion wrongfully exerted over one's property in denial of, or inconsistent with, the owner's right . . . .'" *Id.* (internal citations omitted).

The Amended Complaint alleges that:

. . .

78. Adelos has ownership rights over the property converted by Halliburton.

> 79. Adelos has a right of possession over the property converted by Halliburton.
>
> 80. Halliburton's conduct, as described herein, constitutes unauthorized control over Adelos's property.
>
> . . .

(Doc. 68 at 23.) Halliburton contends that simply stating "ownership rights over the property converted" is not enough to satisfy the *Twombly/Iqbal* plausibility pleading standard, but instead, Adelos must plead a "legally recognized property interest" in the alleged converted property. (Doc. 70 at 10.) For support, Halliburton relies on *Great Falls Tribune v. Montana Pub. Serv. Comm'n*, 82 P.3d 876, 886 (Mont. 2003), which holds that in Montana information is protectable as a property right in three instances: as a trade secret, by express contract, or when patented. Thus, Halliburton maintains that the conversion claim cannot survive because it is grounded in a trade secret claim.

Adelos argues that because it is not possible at this stage of the proceedings to determine whether a trade secret claim is appropriate, a conversion claim is the only available tort it can plead in its Amended Complaint. To the extent that Halliburton takes issue with the conversion of proprietary business information under Montana law, Adelos contends that in Montana "property ownership" can simply be an interest in the property and the right to possess the property at the

time of the alleged conversion. *King v. Zimmerman*, 878 P.2d 895, 899 (Mont. 1994) ("[I]n an action for conversion, 'property ownership' does not mean that the plaintiff must have absolute or unqualified title to the property in question, but rather that he or she must have an interest in the property and the right to possess the property at the time of the alleged conversion."). Further, Adelos references other jurisdictions that support the proposition that intangible property may serve as the basis for a claim of conversion if it is merged into a document. Restatement (Second) of Torts § 242 (1965) ("[T]here may be 'conversion' of such an intangible right, of a kind customarily identified with and merged in a document, even though the document is not itself converted."); *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) (finding that the plaintiff stated a claim for conversion with regard to its proprietary information and survived a Rule 12(b)(6) motion); *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003) ("'[G]oods' converted may include intellectual property. Although an idea alone cannot be converted, the 'tangible expression or implementation of that idea' can be."); *AdVnt Biotechnologies, LLC v. Bohannon*, No. CV-06-2788-PHX-DGC, 2007 U.S. Dist. LEXIS 471060, at *5 (D. Ariz. June 28, 2007) ("In order to bring an action for conversion, the object of conversion must be tangible personal property, or intangible property that is merged in, or

identified with, some document[.]"). Although Montana has not ruled on this specific topic, the Court has already determined that Montana would likely adopt the Restatement approach regarding the merger of intangible property. (*See* Doc. 60 at 10.) Thus, based on that ruling, the element of property ownership is satisfied because Adelos's allegedly converted intellectual property has been merged into the documents in paragraph 81 of the Amended Complaint. (Doc. 68 at 24.)

Halliburton's argument that Adelos has failed to plead "specific technical information" related to its fiber optic sensing systems that is not disclosed in Adelos's patents and patent applications is also not compelling. The Court instructed Adelos that if it were to amend its complaint, it needed to "plausibly allege[] [Halliburton]'s misappropriation of technical information *other than that disclosed in the patents and patent applications.*" (Doc. 67 at 6 (emphasis added)). Adelos complied with those guidelines and asserted nine documents in paragraph 81 that allegedly contain proprietary information not involving the patents at issue. The Court has no knowledge whatsoever at this time regarding the contents of those document. However, Adelos satisfied its burden to plausibly suggest that Halliburton may have converted the information within those documents, and Halliburton is on notice of what documents are at issue related to

the conversion claim.

Finally, Halliburton contends that it did not exercise unauthorized control over Adelos's alleged proprietary information because Adelos voluntarily supplied Halliburton with the information. If that were the case, then this patent infringement/conversion case would not be before the Court. It is an inherently fact intensive question regarding whether Adelos volunteered the information to Halliburton, and Halliburton's argument fails to support dismissal at this time of the conversion claim in its entirety.

In sum, the Court reminds the parties that at this point it is only ruling on a motion to dismiss and the plausibility pleading standard controls. The Court concludes that Adelos has stated a claim for conversion with regard to its proprietary business information merged in the documents listed in paragraph 81 of the Amended Complaint. Adelos sufficiently alleged that it has property interests in the proprietary information, which includes its theory of operation, target analytics, workflow diagrams, and architecture presentations. (Doc. 68 at 24.) The Amended Complaint includes sufficient allegations that Halliburton converted Adelos's intellectual property by converting the proprietary information to its own use and profit, which gave Halliburton an unfair competitive advantage in the fiber optic sensing market. (Doc. 68 at 26–27). Accordingly, the Court

concludes Adelos has stated a claim of conversion against Halliburton.

Accordingly IT IS ORDERED that Defendant's Partial Motion to Dismiss (Doc. 69) is DENIED.

Dated this 11th day of December, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court